Albert I. Aldesco (SBN 229666)
ALDESCO LAW
13101 Washington Blvd. #467
Los Angeles, CA 90066
Telephone: (310) 432-6333
Email: aldescolaw@gmail.com

Attorney for Defendant-Counterclaim Plaintiff
Tamara Lea Smith

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT LAKES INSURANCE SE<br><br>Plaintiff−Counterclaim Defendant<br><br>v.<br><br>TAMARA LEA SMITH,<br><br>Defendant−Counterclaim Plaintiff | Case No: 5:20-Civ-00586<br><br>Hon. Judge André Birotte Jr.<br><br>**TAMARA LEA SMITH'S ANSWER AND COUNTERCLAIM**<br><br>[JURY TRIAL DEMANDED] |

## DEFENDANT'S ANSWER AND COUNTERCLAIM
## IN RESPONSE TO COMPLAINT FOR DECLARATORY JUDGMENT

## ANSWER

Defendant, TAMARA LEA SMITH, ("Defendant"), by and through its undersigned counsel, answers Plaintiff GREAT LAKES INSURANCE SE (hereinafter, "GLI" and/or "Plaintiff") as follows:

### JURISDICTION AND VENUE

1.     Defendant admits the allegations in paragraph 2 of the complaint that this Court has jurisdiction over the subject matter of the complaint.

2.     Defendant admits the allegations in paragraph 2 of the complaint.

3.      Defendant admits the allegations in paragraph 3 of the complaint that venue is proper in this Court.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the complaint.

5.      Defendant denies the allegations in paragraph 5 of the complaint.

**FACTUAL ALLEGATIONS**

6.      Defendant admits the allegations in paragraph 6 of the complaint.

7.      Defendant admits the allegations in paragraph 7 of the complaint that the survey performed on June 20, 2019 ("Survey") included findings with respect to the condition of the Vessel. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the complaint that the Survey included "many" findings. Defendant denies the rest of paragraph 7.

8.      Defendant admits the allegations in paragraph 8 of the complaint.

9.      Defendant denies the allegations in paragraph 9 of the complaint.

10.     Defendant admits the allegations in paragraph 10 of the complaint that the Survey included a Primary Recommendation with respect to the high water alarm. Defendant denies the rest of paragraph 10 of the complaint.

11.     Defendant admits the allegations in paragraph 11 of the complaint.

12.     Defendant admits the allegations in paragraph 12 of the complaint that the Survey included a Primary Recommendation with respect to the mainsail foil. Defendant denies the rest of paragraph 12 of the complaint.

13.     Defendant admits the allegations in paragraph 13 of the complaint that Defendant submitted to Plaintiff GLI, via Defendant's agent, an application for a policy of marine insurance ("Application") on or about October 24, 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the complaint that such submission was

a routine aspect of the GLI's procedure for agreeing to provide insurance coverage. Defendant denies the rest of paragraph 13 of the complaint.

14.     Defendant admits the allegations in paragraph 14 of the complaint.

15.     Defendant admits the allegations in paragraph 15 of the complaint that Defendant submitted to Plaintiff GLI, a Letter of Survey Recommendations Compliance ("Letter of Compliance") on or about October 24, 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the complaint that such submission was a routine aspect of the GLI's procedure for agreeing to provide marine insurance coverage on the Vessel. Defendant denies the rest of paragraph 15 of the complaint.

16.     Defendant admits the allegations in paragraph 16 of the complaint.

17.     Defendant admits the allegations in paragraph 17 of the complaint.

18.     Defendant denies the allegations in paragraph 18 of the complaint that Defendant submitted to Plaintiff GLI, a revised application for a policy of marine insurance ("Revised Application") on or about October 29, 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the complaint that such submission was a routine aspect of the GLI's procedure for agreeing to provide insurance coverage. Defendant denies the rest of paragraph 18 of the complaint.

19.     Defendant denies the allegations in paragraph 19 of the complaint that Defendant submitted a Revised Application for a policy of marine insurance on or about October 29, 2019.

20.     Defendant admits the allegations in paragraph 20 of the complaint.

21.     Defendant admits the allegations in paragraph 21 of the complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the complaint that Plaintiff GLI agreed to issue its policy upon the representations and material information set forth in the Application, Letter of Compliance and Revised Application.

TAMARA LEA SMITH'S ANSWER AND COUNTERCLAIM

23.    Defendant admits the allegations in paragraph 23 of the complaint.

24.    Defendant admits the allegations in paragraph 24 of the complaint.

25.    Defendant admits the allegations in paragraph 25 of the complaint.

26.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the complaint that Plaintiff GLI caused a full investigation to be undertaken into the causes and circumstances of the loss.

27.    Defendant denies the allegations in paragraph 27 of the complaint that the Letter of Compliance ("LOC"), dated October 19, 2019, contained any recommendations. Defendant denies the rest of paragraph 27 of the complaint.

28.    Defendant denies the allegations in paragraph 28 of the complaint that John Jay Kerchelich ("Kerchelich") has substantially less nautical experience than was disclosed on the Revised Application. Defendant denies the rest of paragraph 28 of the complaint.

29.    Defendant denies the allegations in paragraph 29 of the complaint that Defendant did not disclose Kerchelich's complete criminal background. Defendant denies the rest of paragraph 29 of the complaint.

30.    Defendant denies the allegations in paragraph 30 of the complaint that Defendant did not disclose Kerchelich's history of civil land use infractions. Defendant denies the rest of paragraph 30 of the complaint.

31.    Defendant admits the allegations in paragraph 31 of the complaint that Defendant has made a claim against Plaintiff GLI under the terms of Policy No. CSPYP/178606 demanding payment of the full insured value of the Vessel. Defendant denies the rest of paragraph 31 of the complaint.

## FIRST CAUSE OF ACTION

32.    Defendant incorporates by reference her answers to the allegations in Paragraphs 6 through 31 of the complaint, as if set forth at length herein.

33.    Defendant admits the allegations in paragraph 33 of the complaint.

TAMARA LEA SMITH'S ANSWER AND COUNTERCLAIM

34.     Defendant admits the allegations in paragraph 34 of the complaint.

35.     Defendant admits the allegations in paragraph 35 of the complaint that GLI's policy includes a provision regarding choice of law. Defendant admits that the insuring agreement is subject to well-established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice. Defendant denies that the insuring agreement is subject to the substantive laws of the State of New York where no such well-established, entrenched precedent exists.

36.     Defendant denies the allegations in paragraph 36 of the complaint that she did not disclose or misrepresent a fact or circumstance material to GLI's acceptance or continuance of the insuring agreement. Defendant denies the allegations in paragraph 36 of the complaint that she failed to replace kinked hoses and corroded clamps in the engine cooling system, the generator and the air conditioning system.

37.     Defendant denies the allegations in paragraph 37 of the complaint that she did not disclose or misrepresent a fact or circumstance material to GLI's acceptance or continuance of the insuring agreement. Defendant denies the allegations in paragraph 37 of the complaint that she failed to repair the high water alarm.

38.     Defendant denies the allegations in paragraph 38 of the complaint that she did not disclose or misrepresent a fact or circumstance material to GLI's acceptance or continuance of the insuring agreement. Defendant denies the allegations in paragraph 38 of the complaint that she failed to service the generator cooling system.

39.     Defendant denies the allegations in paragraph 39 of the complaint that she did not disclose or misrepresent a fact or circumstance material to GLI's acceptance or continuance of the insuring agreement. Defendant denies the

allegations in paragraph 39 of the complaint that she failed to repair the fractures in the mainsail foil.

40.    Defendant denies the allegations in paragraph 40 of the complaint that Defendant breached the provisions of the Policy by misrepresenting or failing to disclose facts material to Plaintiff GLI's decision to issue the Policy. Defendant denies the allegations in paragraph 40 of the complaint that Defendant breached the provisions of the Policy by misrepresenting or failing to disclose facts material to Plaintiff GLI's decision as to the terms of the Policy. Defendant denies the allegations in paragraph 40 of the complaint that Defendant breached the provisions of the Policy by misrepresenting or failing to disclose facts material to Plaintiff GLI's decision as to the premium to charge for the Policy.

41.    Defendant denies the allegations in paragraph 41 of the complaint. that Defendant breached the duty of uberrimae fidei by misrepresenting or failing to disclose facts material to Plaintiff GLI's decision to issue the Policy. Defendant denies the allegations in paragraph 41 of the complaint that the Letter of Compliance set forth material facts.

42.    Defendant admits the allegations in paragraph 42 of the complaint.

43.    Defendant admits the allegations in paragraph 43 of the complaint.

44.    Defendant denies the allegations in paragraph 44 of the complaint that Defendant failed to disclose that certain Survey recommendations had not been complied with. Defendant denies the rest of paragraph 44 of the complaint.

45.    Defendant denies the allegations in paragraph 45 of the complaint that Defendant misrepresented and/or failed to disclose material facts constituting a breach of the duties imposed upon Defendant by the express terms of the Policy. Defendant denies the rest of paragraph 45 of the complaint.

46.    Defendant denies the allegations in paragraph 46 of the complaint that Defendant breached the terms of the Policy. Defendant denies the allegations

TAMARA LEA SMITH'S ANSWER AND COUNTERCLAIM

in paragraph 46 of the complaint that Defendant breached the duties imposed by federal admiralty law. Defendant denies the rest of paragraph 46 of the complaint.

47.    Defendant admits the allegations in paragraph 47 of the complaint that she has made a demand upon Plaintiff GLI for payment of an amount equal to the full amount of the insured value of the vessel under the Policy. Defendant denies the allegations in paragraph 47 of the complaint that Defendant breached the terms of the Policy. Defendant denies the allegations in paragraph 47 of the complaint that Defendant breached the duties imposed under applicable principles of federal admiralty law. Defendant denies the rest of paragraph 47 of the complaint.

48.    Defendant denies the allegations in paragraph 48 of the complaint.

49.    Defendant admits the allegations in paragraph 49 of the complaint that a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy of marine insurance, and a bona fide, actual and present dispute exists. Defendant denies the rest of paragraph 49 of the complaint.

## SECOND CAUSE OF ACTION

50.    Defendant incorporates by reference her answers to the allegations in Paragraphs 6 through 49 of the complaint, as if set forth at length herein.

51.    Defendant admits the allegations in paragraph 51 of the complaint that Kerchelich paid a fine in the amount of $5,230 in October 2015. Defendant denies the allegations in paragraph 51 of the complaint that Kerchelich pleaded guilty to a criminal charge of violating the Federal Water Pollution Control Act. Defendant denies the rest of paragraph 51 of the complaint.

52.    Defendant admits the allegations in paragraph 52 of the complaint.

53.    Defendant admits the allegations in paragraph 53 of the complaint.

54.    Defendant admits the allegations in paragraph 54 of the complaint.

55.    Defendant admits the allegations in paragraph 55 of the complaint that GLI's policy includes a provision regarding choice of law. Defendant admits that the insuring agreement is subject to well-established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice. Defendant denies that the insuring agreement is subject to the substantive laws of the State of New York where no such well-established, entrenched precedent exists.

56.    Defendant denies the allegations in paragraph 56 of the complaint.

57.    Defendant admits the allegations in paragraph 57 of the complaint.

58.    Defendant admits the allegations in paragraph 58 of the complaint.

59.    Defendant denies the allegations in paragraph 59 of the complaint that Defendant breached the provisions of the Policy and the legal duty of outmost good faith by misrepresenting or failing to disclose facts material to Plaintiff GLI's decision to issue the Policy. Defendant denies the allegations in paragraph 59 of the complaint that Defendant breached the provisions of the Policy and the legal duty of outmost good faith by misrepresenting or failing to disclose facts material to Plaintiff GLI's decision as to the terms of the Policy. Defendant denies the allegations in paragraph 59 of the complaint that Defendant breached the provisions of the Policy and the legal duty of outmost good faith by misrepresenting or failing to disclose facts material to Plaintiff GLI's decision as to the premium to charge for the Policy.

60.    Defendant denies the allegations in paragraph 60 of the complaint that Defendant breached the federal admiralty law duty of uberrimae fidei by misrepresenting and/or failing to disclose material facts set forth in the Revised Application.

61.    Defendant denies the allegations in paragraph 61 of the complaint that Kerchelich pleaded guilty to a criminal charge of violating the Federal Water Pollution Control Act. Defendant denies the allegations in paragraph 61 of the

complaint that Defendant failed to disclose material facts in the Revised Application. Defendant denies the rest of paragraph 61 of the complaint.

62.    Defendant denies the allegations in paragraph 62 of the complaint.

63.    Defendant denies the allegations in paragraph 63 of the complaint.

64.    Defendant admits the allegations in paragraph 64 of the complaint that she has made a demand upon Plaintiff GLI for payment of an amount equal to the full amount of the insured value of the vessel under the Policy. Defendant denies the allegations in paragraph 64 of the complaint that Defendant breached the terms of the Policy. Defendant denies the allegations in paragraph 64 of the complaint that Defendant breached the duties imposed under applicable principles of federal admiralty law. Defendant denies the rest of paragraph 64 of the complaint.

65.    Defendant denies the allegations in paragraph 65 of the complaint.

66.    Defendant admits the allegations in paragraph 66 of the complaint that a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy of marine insurance, and a bona fide, actual and present dispute exists. Defendant denies the rest of paragraph 66 of the complaint.

## THIRD CAUSE OF ACTION

67.    Defendant incorporates by reference her answers to the allegations in Paragraphs 6 through 66 of the complaint, as if set forth at length herein.

68.    Defendant denies the allegations in paragraph 68 of the complaint.

69.    Defendant admits the allegations in paragraph 69 of the complaint.

70.    Defendant admits the allegations in paragraph 70 of the complaint that GLI's policy includes a provision regarding choice of law. Defendant admits that the insuring agreement is subject to well-established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice. Defendant denies that the insuring agreement is subject to the substantive laws of

the State of New York where no such well-established, entrenched precedent
exists.

71.    Defendant admits the allegations in paragraph 71 of the complaint.

72.    Defendant admits the allegations in paragraph 72 of the complaint.

73.    Defendant admits the allegations in paragraph 73 of the complaint.

74.    Defendant denies the allegations in paragraph 74 of the complaint
that Defendant breached the provisions of the Policy and the legal duty of outmost
good faith by misrepresenting or failing to disclose facts material to Plaintiff
GLI's decision to issue the Policy. Defendant denies the allegations in paragraph
74 of the complaint that Defendant breached the provisions of the Policy and the
legal duty of outmost good faith by misrepresenting or failing to disclose facts
material to Plaintiff GLI's decision as to the terms of the Policy. Defendant denies
the allegations in paragraph 74 of the complaint that Defendant breached the
provisions of the Policy and the legal duty of outmost good faith by
misrepresenting or failing to disclose facts material to Plaintiff GLI's decision as
to the premium to charge for the Policy.

75.    Defendant denies the allegations in paragraph 75 of the complaint
that Defendant breached the federal admiralty law duty of uberrimae fidei by
misrepresenting and/or failing to disclose material facts set forth in the Revised
Application.

76.    Defendant denies the allegations in paragraph 76 of the complaint
that Defendant failed to disclose material facts in the Revised Application.
Defendant denies the rest of paragraph 76 of the complaint.

77.    Defendant denies the allegations in paragraph 77 of the complaint
that Defendant misrepresented and/or failed to disclose material facts that would
constitute a breach of the express terms of the Policy and under applicable
principles of federal admiralty law.

78.    Defendant denies the allegations in paragraph 78 of the complaint.

79.    Defendant admits the allegations in paragraph 64 of the complaint that she has made a demand upon Plaintiff GLI for payment of an amount equal to the full amount of the insured value of the vessel under the Policy. Defendant denies the allegations in paragraph 64 of the complaint that Defendant breached the terms of the Policy. Defendant denies the allegations in paragraph 64 of the complaint that Defendant breached the duties imposed under applicable principles of federal admiralty law. Defendant denies the rest of paragraph 64 of the complaint.

80.    Defendant denies the allegations in paragraph 80 of the complaint.

81.    Defendant admits the allegations in paragraph 81 of the complaint that a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy of marine insurance, and a bona fide, actual and present dispute exists. Defendant denies the rest of paragraph 81 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff GLI's complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Defendant denies Plaintiff GLI has sustained any damage, denies the nature of damage, if any, and denies Defendant caused Plaintiff to sustain any damage.

### THIRD DEFENSE

Plaintiff GLI's claims are barred by the doctrine of assumption of risk because Plaintiff GLI issued the Policy of marine insurance despite the risk inherent to the issuance of a policy of marine insurance.

### FOURTH DEFENSE

Plaintiff GLI's claims are barred by the doctrine of contributory or comparative negligence because Plaintiff GLI issued the Policy of marine

insurance without due diligence by failing to certify that all recommendations
identified by the Survey were completed prior to the effective date of the Policy.

## FIFTTH DEFENSE

Plaintiff GLI's claims are barred by the doctrine of contributory or
comparative negligence because Plaintiff GLI failed to carry out a full
investigation into the causes and circumstances of the Vessel's loss in good faith
and in a timely manner, and by such unreasonable delay thwarted the recovery of
the sunken Vessel and caused its total loss.

## SIXTH DEFENSE

Plaintiff GLI's claims are barred by the doctrines of consent, waiver,
estoppel or acquiescence because Plaintiff GLI issued the Policy of marine
insurance without written certification by the surveyor who carried out the Survey,
or by the workmen/repair yard that carried out said work, that all aforesaid
recommendations had been completed.

## SEVENTH DEFENSE

Plaintiff GLI's claims are barred by the doctrines of estoppel by laches
because Plaintiff GLI failed to carry out a full investigation into the causes and
circumstances of the Vessel's loss in good faith and in a timely manner, and by
such unreasonable delay thwarted the recovery of the sunken Vessel and caused
its total loss.

## EIGHTH DEFENSE

Plaintiff GLI's claims are barred, in whole or in part, by Plaintiff's failure to
take reasonable steps to mitigate its damages because Plaintiff GLI failed to carry
out a full investigation into the causes and circumstances of the Vessel's loss in
good faith and in a timely manner, thus causing the total loss of the Vessel.

///

WHEREFORE, Defendant denies that Plaintiff GLI is entitled to any of the relief
requested in the unnumbered "WHEREFORE" clause following paragraph 81,

including subparts (A) through (D), and respectfully requests that the Court
dismiss the complaint in its entirety and enter judgment in favor of Defendant and
against Plaintiff.

///

## TAMARA LEA SMITH'S COUNTERCLAIM

Defendant, TAMARA LEA SMITH, ("Smith"), by and through its
undersigned counsel, hereby asserts the following Counterclaims against Plaintiff
GREAT LAKES INSURANCE SE (hereinafter, "GLI") as follows:

### JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over Defendant's
counterclaims pursuant to Title 28 of the United States Code, sec. 1332 because
Defendant is a citizen of the State of California and GLI is a marine insurance
company organized under the laws of Germany, with its office and principal place
of business located in the City of London, United Kingdom, and the amount in
controversy exceeds $75,000, exclusive of interests and costs, and pursuant to Title
28 of the United States Code, sec. 1367(a) because the counterclaims are so related
to Plaintiff GLI's claims that they form a part of the same case or controversy
under Article III of the United States Constitution.

2.      Venue is proper within the United States District Court for the Central
District of California pursuant to Title 28 of the United States Code, sec.
1391(b)(2) because a substantial part of the events and omissions giving rise to the
counterclaims occurred in this district.

3.      Venue is proper within the United States District Court for the Central
District of California pursuant to Title 28 of the United States Code, sec.
1391(b)(3) because there is no district in which this action may otherwise be
brought, and Plaintiff GLI is subject to the Court's personal jurisdiction with
respect to this action.

## PARTIES

4.      Defendant Smith incorporates by reference as if fully set herein
Plaintiff GLI's allegations that GLI is a marine insurance company organized under
the laws of Germany, with its office and principal place of business located in the
City of London, United Kingdom.

5.      Defendant−Counterclaim Plaintiff, TAMARA LEA SMITH, is a
citizen of the State of California who resides in Placencia, Belize.

## FACTUAL ALLEGATIONS

6.      On or about October 28, 2019, Smith and GLI entered into a written
agreement for the provision of marine insurance, Policy No. CSRYP/178606, (the
"Policy") affording $200,000 in hull coverage on a 2005 47 foot Catalina Pleasure
Yacht with Yanmar 74 HP diesel engine, bearing identification number
CTYY0140L506 (hereinafter, the "Vessel.") The Policy named Smith and her
fiancé, John Jay Kerchelich ("Kerchelich") as the operators of the Vessel. The
Policy's period of coverage for the Vessel extended from October 28, 2019 to
October 28, 2020.

7.      A true and correct copy of the Policy is attached hereto as Exhibit 1.

8.      As listed on Smith's application for a policy of marine insurance,
dated October 24, 2019, (the "Application,") the itinerary of the Vessel was
"[f]rom San Diego to Cabo to Costa Rica to Panama City to Colon then Placencia
Belize." Smith submitted the Application through her agent, Oversea Insurance
Agency, Inc., a California corporation.

9.      A true and correct copy of the Application is attached hereto as
Exhibit 2.

10.     On or about December 19, 2019, at approximately 1:30 a.m., the
Vessel sunk in Chahué Bay, Bahias de Huatulco, Mexico. At the time of the
incident, Kerchelich was at the helm of the Vessel and Smith was using a spot light
to illuminate the path ahead. The Vessel was sailing at a speed of 1-1.5 nautical

knots. Smith and Kerchelich were using a GPS Chart Plotter, Navionics and GPS to guide the Vessel into Chahué Bay. The onboard instruments showed two rocks approximately 250 meters from the path of the Vessel. While the instruments indicated that the rocks were located starboard of the Vessel, in reality, the rocks were dead ahead. The Vessel struck the rocks and rapidly took on water, which caused the engine to stop and the Vessel to sink.

11.    Grabbing whatever they could from the rapidly sinking Vessel, including their two dogs and a cat, Smith and Kerchelich evacuated from the Vessel into an inflatable dinghy and navigated into the Chahué Bay Marina. They reported to the Harbor Master at 9:00 a.m. on December 19, 2019, and among other things, contacted US Consul Samantha Watson in Oaxaca City, Mexico.

12.    On or about December 20, 2019, Smith filed a claim for insurance coverage with GLI for payment of an amount equal to the full costs of repair and/or the full amount of the insured value of the Vessel under the Policy.

13.    On or about December 23, 2019, Smith and Kerchelich were contacted by Tracie Kutner-Merwitzer, a claims manager with Nautilus Investigations, a Florida-based marine investigator and adjuster appointed by GLI to gather information regarding the circumstances surrounding the Vessel's loss.

14.    On or about December 26, 2019, Smith spoke with Tracie Kutner-Merwitzer over the telephone. Ms. Kutner-Merwitzer confirmed that a Personal Property Coverage in the amount of $5,000 was added to the Policy on October 28, 2019, and instructed Smith to provide a list of personal property lost with the Vessel, including the value of the lost items and proof of their purchase.

15.    On or about December 30, 2019, Ms. Kutner-Merwitzer inquired whether the Vessel could be salvaged. Smith informed Ms. Kutner-Merwitzer that the Bahias de Huatulco Port Captain estimated that it would cost approximately $30,000 to raise the Vessel. Although divers hired by Smith had earlier marked the location of the sunken Vessel, the Mexican Navy prohibited Smith and Kerchelich

to retrieve their possessions from the Vessel without permission from local officials. Even so, divers were seen diving in the area at night, scavenging the Vessel. The items taken from the Vessel included gold coins, money, Kerchelich's wallet and Smith's credit cards.

16.    On or about January 2, 2019, Smith provided Nautilus Investigations with  a quote she had obtained from the Bahias de Huatulco Bay Port Captain for the cost of salvaging the Vessel and its dwindling contents. Smith explained that she wanted to salvage the Vessel in order to mitigate her damages, and requested instructions from GLI as to what she should do under the circumstances.

17.    When Smith did not receive any indication from GLI regarding the salvaging of the Vessel, on or about January 21, 2020, Smith apprised Nautilus Investigations that local Mexican authorities told her they would be claiming salvage rights to the vessel. Thereafter, Ms. Kutner-Merwitzer informed Smith that GLI was not requiring that the Vessel be salvaged.

18.    Between January 2, 2020 and January 9, 2020, Smith and Kerchelich submitted to approximately six (6) hours of telephonic interviews conducted by Nautilus Investigations. Smith was never provided with Nautilus Investigations' report of its findings regarding the causes and circumstances of the loss.

19.    On or about March 25, 2020, more than three months after the loss of the Vessel, Smith received a letter by email from Concept Special Risks, acting as underwriter and claims agent on behalf of GLI, denying Smith's marine insurance coverage with regard to the Vessel (hereinafter, "Denial Letter.")

20.    A true and correct copy of the Denial Letter, dated March 24, 2020, is attached hereto as Exhibit 3.

21.    The Denial Letter alleges four (4) separate grounds that constitute a breach of the Policy and void the Policy from its inception. First, that the Vessel "on multiple occasions ... was operated by Capt. Keith McGarry" allegedly "constitutes a breach of the Policy's Named Operator Warranty." Second, that

Smith "misrepresented that all the recommendations contained in a survey conducted on June 20, 2019 had been completed," allegedly "voids Policy No. CSRYP/178606 from its inception." Third, that Smith "misrepresented material facts in the application pertaining to the nautical background and experience of John Jay Kerchelich," and allegedly, "failed to disclose that the vessel was not fitted with an automatic identification system." Fourth, that Smith "misrepresented material facts in the application pertaining to Kerchelich's history of criminal and civil infractions."

22.    Concurrent with the Denial Letter, on or about March 25, 2020, Concept Special Risks, acting as underwriter and claims agent on behalf of GLI, emailed Smith a Policy Endorsement cancelling from inception Smith's coverage under the Policy for the "reasons detailed in underwriters official denial letter."

23.    GLI's purported reasons for cancelling Smith's marine insurance Policy from inception are bogus. GLI's denial of coverage hinges on its severe misreading of the Policy terms and of related documents, foremost, the survey, dated June 20, 2019, performed by Jarvie Marine Surveyors (the "Survey.")

24.    A true and correct copy of the Survey, dated June 20, 2019, is attached hereto as Exhibit 4.

25.    The Survey contains twenty-four primary recommendations and twenty-two secondary recommendations. The Survey, reads in relevant part, "Primary recommendations deal with vessel and/or personal safety items and should be addressed in a timely manner unless written in bold indicating immediate attention required. Secondary recommendations pose no immediate hazard and are usually of general maintenance items and/or suggestions of betterment."

26.    None of the Survey's recommendations are in bold indicating that "immediate attention" was required. GLI's claim that Smith misrepresented that all the recommendations contained in the Survey had been completed falsely assumes

that all forty-six Survey recommendations required "immediate attention," whereas the Survey indicates the opposite.

27.    All twenty-four of the Survey's Primary Recommendations were required to be addressed "in a timely manner." GLI's Denial Letter fails to specify which primary recommendations had not been addressed in a timely manner. Rather, the Denial Letter blankly condemns Smith's alleged failure to complete "all the recommendations contained in the survey," regardless of whether any primary recommendations were required to be completed prior to the issuance of the Policy on October 28, 2019.

28.    The Survey lists twenty-two Secondary Recommendations as "general maintenance items and/or suggestions for betterment," none of which posed a hazard to the Vessel. GLI's Denial Letter fails to distinguish between primary and secondary recommendations. Again, the Denial Letter blankly condemns Smith's alleged failure to complete "all the recommendations contained in the survey," without regard to the nature of the recommendations contained in the Survey.

29.    In any event, on October 19, 2019 when Smith indicated on GLI's Letter of Survey Recommendations Compliance that she had "All completed and more," Smith had in fact completed all of the Survey's recommendations that were required to have been completed in a timely manner.

30.    GLI's claim that Smith misrepresented that all the recommendations contained in the Survey had been completed was merely a pretext for GLI to deny Smith's demand for marine insurance coverage. GLI and its agent, Nautilus Investigations, never even asked Smith about the repairs and improvements performed on the Vessel after June 20, 2019, the date of the Survey.

31.    None of the Survey's recommendations were material to GLI's acceptance or continuance of the risk under its Policy. In order to claim that Smith allegedly misrepresented or failed to disclose material facts, the Denial Letter grossly distorts and suppresses the findings of the Survey.

32.     The Survey's findings, consistent with the surveyors' examination of
the Vessel, show that (1) the Hull and Structure of the Vessel was in "Satisfactory-
Good" condition, (2) the Machine Systems were in "Satisfactory" condition, (3) the
Tankage was in "Satisfactory" condition, (4) the Electrical Systems were in
"Good" condition, (5) the Safety and Life Saving equipment was in "Satisfactory"
condition, (6) the Sailing System was in "Satisfactory-Good" condition, and that
overall, the Vessel was in "Satisfactory-Good" condition. In summarizing the
findings, the Survey reads, "Overall, the vessel's hull structure appears in sound
condition and engine [is] in good order. Although there are numerous
recommendations, most are of minor general maintenance items. The vessel
appears suitable for its intended purpose as a coastal pleasure cruiser."

33.     The Denial Letter falsely asserts that Smith "misrepresented material
facts in the application pertaining to Kerchelich's history of criminal and civil
infractions." GLI's claim hinges on misreading the express terms of its own
Application form. In pertinent part, the Application reads, "Have you ever been
convicted of a criminal offence or pleaded no contest? If YES, please give details."
The Application contains no reference to "civil infractions."

34.     Because the Application did not require Smith to disclose Kerchelich's
"civil infractions," GLI's cancellation of the Policy on account of Smith having
failed to disclose Kerchelich's "civil infractions" appears unfounded.

35.     GLI's claim that Smith failed to disclose Kerchelich's "criminal"
history appears equally to be without merit. Although, in October 2013, Kerchelich
plead guilty to a misdemeanor violation under California Water Code section
13387(b) for having negligently removed dirt along the shore of his property
without a permit, the violation does not rise to the level of a "criminal offence."
Nor would a reasonable person in the United States understand the wording of the
Application to refer to a strict liability offense or misdemeanor violation
punishable by a minor fine, and settled in civil, not criminal, court.

36.    Even assuming that GLI's Application required the disclosure of misdemeanor violations, Smith's alleged failure to disclose Kerchelich's violation was not material to GLI's acceptance or continuance of the risk under its Policy. Rather, such exegetical pitfalls in the Application evince an intent by GLI to condition the fulfillment of its duties as a marine insurer under the Policy on frivolous and insidious pretext.

37.    The Denial Letter falsely asserts that Smith "failed to disclose that the vessel was not fitted with an automatic identification system." Given that Smith provided GLI with the Survey of the Vessel, whether the Vessel was fitted with an automatic identification system is a fact that would not require additional disclosure by Smith.  Even so, neither the Policy nor the Application require Smith to have made such disclosure, and the Denial Letter fails to refer the alleged requirement to any written agreement.

38.    The Denial Letter falsely asserts that Smith "misrepresented material facts in the application pertaining to the nautical background and experience of John Jay Kerchelich." Tellingly, the Application provides a single blank line for an "operator" to disclose his or her "nautical background and experience." Both Smith and Kerchelich listed on the Application their respective "Vessels previously owned or operated," including the boats' "Lengths and Manufacturers."

39.    Where the Application requests the operator's "Boating Qualifications (for example USCG 100Ton)," both Smith and Kerchelich listed "N/A." Quite clearly, despite Smith's disclosure that neither she nor Kerchelich had any boating qualifications that would qualify either of them for a Captain's License, GLI accepted the risk and issued the Policy to Smith. This is to say, GLI's claim that "Kerchelich had no experience as the captain of a vessel" does not constitute a misrepresentation of material facts. Likewise, GLI's claim that "Kerchelich had no formal training or courses in preparation for the voyage" does not constitute a misrepresentation of material facts.

40.    Because the Application did not require Smith to disclose Kerchelich's "formal training or courses in preparation for the voyage" or Kerchelich's lack of experience as "the captain of a vessel," GLI's cancellation of the Policy on account of Smith having misrepresented Kerchelich's nautical background and experience appears unfounded.

41.    The Denial Letter falsely asserts that the "operation of the vessel by Capt. McGarry constitutes a breach of the Policy's Named Operator Warranty." The Policy does not support this interpretation. In relevant part, the Policy reads as follows:

> **x. It is warranted that the Scheduled Vessel will be operated only by covered persons. However, in the event of an incident occurring when the vessel is being operated by any person other than a covered person that may give rise to a claim under this insurance, you have a period of seven days following such an incident to submit details of the operator for retroactive approval by underwriters. Such approval not to be unreasonably withheld.**

42.    Contrary to the assertions of the Denial Letter, the Policy's terms do not apply to the incident that occurred on December 19, 2019 at approximately 1:30 a.m., when the Vessel sunk in Chahué Bay, Bahias de Huatulco, Mexico. At the time of the incident, Kerchelich, not Capt. Keith McGarry, was at the helm of the Vessel.

43.    Contrary to the assertions of the Denial Letter, by the terms of the Policy allowing for approval of the operation of the Vessel by another "not to be unreasonably withheld," the operation of the Vessel by Capt. McGarry "on multiple occasions" does not constitute a breach of the Policy.

## **COUNTERCLAIM - BREACH OF CONTRACT**

44.    Defendant repeats and realleges each and every allegation set forth in Paragraphs 6 through 43, as if set forth at length herein.

45.    As alleged herein, on or about October 28, 2019, in exchange for good and valuable consideration, Smith entered into a marine insurance Policy with GLI affording $200,000 in coverage for the Vessel.

46.    Smith has performed all conditions, covenants, and promises required to be performed by Smith in accordance with the terms and conditions of said insurance Policy, and is excused for nonperformance of any conditions, covenants, and promises that Smith has not performed.

47.    As alleged herein, Smith has made a claim against GLI under the terms of said insurance Policy, and GLI has breached the Policy by failing to effectuate the equitable settlement of Smith's claim of coverage for the loss of the Vessel.

48.    Smith has been harmed by the loss of the Vessel. GLI's breach of the Policy is a substantial factor in causing Smith's harm. As a direct and proximate result of the acts of GLI, Smith has been injured and damaged as alleged herein.

///

WHEREFORE, based on the foregoing, Defendant and Counterclaim Plaintiff Tamara Lea Smith respectfully requests that this Court:

(A)    Enter judgment for Smith on her count for Breach of Contract.

(B)    Award Smith her damages, legal fees and costs arising out of this matter;

(C)    Award Smith any and all such other relief as this Court may deem just and appropriate.

///

///

///

## JURY DEMAND

Defendant and Counterclaim Plaintiff Tamara Lea Smith requests a trial by jury on its above counterclaim.

Dated:   September 30, 2020                    ALDESCO LAW

By: _____

Albert Aldesco
Attorney for Defendant-
Counterclaim Plaintiff
Tamara Lea Smith

TAMARA LEA SMITH'S ANSWER AND COUNTERCLAIM